CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 23 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT EARL NOBLE,<br>    Petitioner, | ) ) ) | Civil Action No. 7:12-cv-00208 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| UNKNOWN,<br>    Respondent. | ) ) ) | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Robert Earl Noble, a federal prisoner proceeding pro se, filed a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651(a) with jurisdiction vested in 28 U.S.C. § 1361.[1] Petitioner requests a writ of mandamus to prevent Bureau of Prisons staff at the United States Penitentiary in Lee County, Virginia, from destroying "exculpatory evidence," pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Bagley, 473 U.S. 667, 682 (1985). Petitioner is charged with an institutional infraction of destroying government property worth more than $100, and he believes prison video recordings prove his innocence. Petitioner alleges that BOP officials determined that the prison video recordings are "irrelevant" to the infraction. Petitioner acknowledges that he is subject to an administrative action, not a criminal prosecution.

Mandamus is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Thus, mandamus relief is available only when a petitioner has a clear, undisputable right to the relief sought and has no other adequate means to attain the desired relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). A petitioner must also establish that the responding party has a clear duty to do the specific act requested; the act requested is an official act or duty; and the

---

[1] Petitioner did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) but instead sent an unsolicited $5 partial payment before the court determined an initial filing fee assessment, pursuant to 28 U.S.C. § 1915(b). The court considers petitioner's partial payment as a request to proceed in forma pauperis.

issuance of the writ will further justice. United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

Petitioner fails to establish a clear and undisputable right to compel BOP officials to preserve the video recordings as exculpatory evidence. The duty to reveal exculpatory information, as discussed in Brady and Bagley, applies to prosecutors in criminal prosecutions. Brady and Bagley do not impose a duty on BOP officials that is enforceable via mandamus. BOP officials' determination that the prison video recordings have no probative value also precludes mandamus relief. See Work v. United States ex rel. Rives, 267 U.S. 175, 177 (1925) (recognizing mandamus is to compel a ministerial act and cannot be used to compel or control a discretionary duty). Petitioner has not yet been convicted of the administrative infraction, and depending on the outcome of the administrative proceeding, he may challenge an institutional conviction by a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Accordingly, petitioner fails to establish any entitlement to a writ of mandamus, petitioner is granted leave to proceed in forma pauperis, and this action is dismissed without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 23rd day of May, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge